# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

Lyle W. Cayce
Clerk

No. 10-11239
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VINCENT JOHN BAZEMORE, Jr.,

Defendant

v.

ANGELEE BAZEMORE,

Movant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-312-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Vincent John Bazemore, Jr., federal prisoner # 37160-177, pleaded guilty
to securities fraud and was sentenced to imprisonment, supervised release, and
restitution. His wife, Angelee Bazemore (Angelee) moves this court for leave to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

proceed in forma pauperis (IFP) in her appeal of the district court's denial of her motions to intervene and for the return of property pursuant to Federal Rule of Criminal Procedure 41(g).

By moving for IFP status here, Angelee is challenging the district court's certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). Angelee asserts that she is entitled to the return of her property pursuant to Rule 41(g) because (1) the affidavit in support of the seizure contained false statements; (2) the search warrant did not recite sufficient probable cause; (3) the seizures violated Bazemore's proffer agreement with the Government; and (4) the restitution order is illegal. However, she did not raise any of these arguments in the district court. We do not consider these new issues for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Angelee also states that she is entitled to intervene and is entitled to the return of property under Rule 41(g) because she is the "owner" of the property and/or because the property is her "sole management community property." However, Angelee has not adequately briefed this issue, and thus she has abandoned any challenge to the district court's order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, she has not shown that her appeal involves "legal points arguable on their merits (and therefore not frivolous)." *King*, 707 F.2d at 220. Angelee's motion for leave to proceed IFP on appeal is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.